## THEODORE A. BARRY *vs.* JANE ADAMS.

A. and B. held a record title as tenants in common to land. A. conveyed his title to B., and B. thereafter conveyed his title to C., and C. brought a writ of entry against D., who was in possession by disseisin, and who prevailed in the action on the ground that B. was disseised at the time of making the conveyance to C. A. and B. thereupon brought a writ of entry to recover the same premises against D., who prevailed on the ground that A. had conveyed his title to B. before the disseisin by D. commenced. B. thereupon brought a writ of entry to recover the same premises against D., and it was *held*, that the former judgments, and the grounds on which they were rendered, were admissible against D. to show that his disseisin commenced after the conveyance by A. to B., and before the conveyance by B. to C., and that therefore the present action might be maintained.

*Held*, also, that inasmuch as C. took no title from B., by reason of the disseisin at the time of his receiving his deed, B.'s prior title would not be prejudiced by taking back a subsequent conveyance from C.

WRIT OF ENTRY, brought April 29th 1865 to recover possession of a parcel of land in Waltham. Plea, *nul disseisin.*

At the trial in the superior court, before *Brigham,* J., the demandant introduced in evidence the following deeds of the premises: Lewis Smith to Brown, dated September 9, 1839. Brown to Goodnow, May 1, 1847. Goodnow to Miller, February 13, 1854. Miller to Benjamin A. Patten and Theodore A. Barry, February 13, 1854. Patten to Theodore A. Barry, November 19, 1858.

The demandant then put in evidence the record of a judgment of this court for the tenant, in a writ of entry brought by Benjamin A. Patten and himself against the tenant on the 27th of May 1862, to recover the same premises, with the special finding of the jury therein, showing that the disseisin of the premises by the tenant (as hereinafter referred to) commenced after the deed of Patten to Barry, dated November 19, 1858; the result being that Barry ought to have sued alone. See 8 Allen, 204. This evidence was admitted against the tenant's objection.

The demandant then rested his case; and the tenant put in evidence a deed of the premises from Theodore A. Barry to Sophia Barry, dated May 28, 1859, and rested her case.

The demandant then put in evidence a deed from Sophia Barry to Theodore A. Barry, dated September 29, 1859.

The tenant then put in evidence the record of a judgment of this court in her favor, in a writ of entry brought by Sophia Barry against her on September 10th 1859; and the judge, against the tenant's objection, admitted evidence to show that in that action Sophia Barry claimed title under the deed of Theodore A. Barry to her, dated May 28th 1859, and that the judgment was rendered for the tenant on the ground that Theodore A. Barry was then disseised by the tenant, and for that reason his deed to Sophia Barry was invalid. See 3 Allen 493.

It thus appeared that, taking the verdicts of the two juries into consideration, they found that the tenant's disseisin commenced after November 19th 1858, and before May 28th 1859.

The judge ruled, upon all the evidence, that the demandant was not entitled to recover, and the jury accordingly returned a verdict for the tenant. The demandant alleged exceptions.

*W. Brigham*, for the demandant.

*T. H. Sweetser & G. A. Somerby*, for the tenant.

CHAPMAN, J. The difficulties in which this case has become involved are easily solved by a careful examination of the evidence.

The title of Lewis Smith in September 1839 is not denied. He conveyed the land to Brown; from whom it passed through Goodnow to Miller, and Miller conveyed it to Benjamin A. Patten and the demandant, February 13th 1854. Patten conveyed his undivided half to the demandant November 19th 1858.

After this, a writ of entry was brought by the demandant and Patten against the tenant. On the trial of that action, the tenant did not deny the title of the demandant and Patten, so far as the deeds could make it; but she put in evidence the deed of Patten to the demandant, and thereupon contended that the action could not be maintained upon the pleadings, because Patten had no longer any title.

The demandant contended that the deed of Patten to him

conveyed no title, because they were disseised by the tenant at the time it was executed. The tenant, on the other hand, contended that it was valid, because she had not then disseised them. The question was put to the jury, and they found that her disseisin did not commence till after the making of the deed on the 19th of November 1858. On that ground she defeated the action. The record in that action, together with the special verdict and parol proof of the ground of defence taken by the tenant, were properly admitted in evidence in this action. *Eastman* v. *Cooper*, 15 Pick. 286. *Dutton* v. *Woodman*, 9 Cush. 261. *McDowell* v. *Langdon*, 3 Gray, 513. *Perkins* v. *Parker*, 10 Allen, 22.

But the tenant sets up in this action another defence. She put in evidence at the trial a deed of the demandant to Sophia Barry, dated May 28th 1859, which was after her disseisin commenced. If this deed had conveyed a good title, it would have been a good defence ; because it would have proved that this action ought to have been brought by Sophia Barry, and not by the demandant. To meet it, the demandant put in evidence the record of a suit in favor of Sophia Barry against the tenant, commenced September 10, 1859, in which the tenant recovered judgment on the ground that this deed conveyed no title to Sophia Barry, because the demandant was disseised when he made it. Therefore that deed constitutes no defence to this action.

The demandant offered in evidence a deed from Sophia Barry to him, dated September 29th 1859, while her action against the tenant was pending, purporting to reconvey the premises to him. This deed ought to have no influence upon the present case, because, as Sophia Barry took no title from the demandant, she had none to reconvey. The only effect of its introduction was to raise a useless question. All the evidence as to the title of Sophia Barry ought to have been treated as immaterial to the decision of the case. But the evidence in respect to the action of Patten and the demandant ought to have been held sufficient, in connection with the deeds under which the demandant claims, to maintain the action. *Exceptions sustained.*